UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY L. BALDWIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. 1:07-cv- 02121 (HHK) |
| ) | |
| NAYLOR GARDENS COOPERATIVE ) | |
| HOUSING ASSOCIATION, et al., ) | |
| ) | |
| Defendants ) | |

**CONSENT MOTION FOR ENTRY OF CONSENT ORDER
AND SETTLEMENT AGREEMENT**

Plaintiff, by and through undersigned counsel, hereby requests entry of the Consent Order and Settlement Agreement, attached hereto as Exhibit A, and states as follows:

1.   In his Complaint, Plaintiff alleged that the Defendants violated the Civil Rights Act of 1866, 42 U.S.C. Sections 1981 and 1982;

2.   The Defendants have denied the allegations;

3.   The parties wishing to resolve the matter amicably and expeditiously and without further expenditure of financial and judicial resources have agreed to the entry of the attached Consent Order and Settlement Agreement and, in accordance therewith dismissal of the this action with prejudice.

WHEREFORE, Plaintiff hereby requests entry of the attached Order,

approving the Consent Order and Settlement Agreement and Dismissing this action with prejudice, in accordance therewith.

Respectfully submitted,

_____
Charles R. Both
DC Bar No. 42424
Law Offices of Charles R. Both
1666 Connecticut Avenue, NW
Suite 500
Washington, DC 20009


Isabelle Thabault
DC Bar No. 318931
Robert Bruskin
DC Bar No. 164293
Washington Lawyers Committee for
Civil Rights and Urban Affairs
11 DuPont Cycle NW
Suite 400
Washington, DC 20036

Attorneys for Plaintiff

Consented to:

Stephen Warren Nichols
Deckelbaum, Ogens & Raftery,chtd.
3 Bethesda Metro Center
Suite 200
Bethesda, MD 20814-5376

Stephen Anthony Horvath
Trichilo, Bancroft, Mcgavin,
Horvath & Judkins, P.c.
3920 University Drive
Fairfax, VA 22030

CONSENT ORDER AND SETTLEMENT AGREEMENT

UNDER THE CIVIL RIGHTS ACT OF 1866,

BETWEEN GREGORY L. BALDWIN,

AND

NAYLOR GARDENS COOPERATIVE HOUSING ASSOCIATION AND GATES HUDSON & ASSOCIATES, INC.

This Consent Order and Settlement Agreement ("the Agreement") is entered into as of March 25, 2008, between Gregory L. Baldwin (plaintiff) and Naylor Gardens Cooperative Housing Association ("NGCHA") and Gates Hudson & Associates, Inc. (collectively "the defendants").

WHEREAS, the plaintiff has filed an action against the defendants in the United States District Court for the District of Columbia, entitled *Baldwin v. Naylor Gardens Cooperative Association and Gates Hudson & Associates, Inc, C.A. No. 1:2007cv02121*, ("the Lawsuit"), alleging that the defendants violated the Civil Rights Act of 1866, 42 U.S.C. Sections 1981 and 1982;

WHEREAS, the defendants have denied and continue to deny these allegations;

WHEREAS, the plaintiff wishes to relocate from Naylor Gardens Apartment;

WHEREAS, the plaintiff and the defendants (collectively, "the Parties") wish to resolve this matter amicably and expeditiously to avoid the expense and delay of further litigation;

NOW THEREFORE, in consideration of the mutual promises, covenants, agreements, and other undertakings set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties mutually agree as follows:

I. DEFINITIONS

1. "Effective date" means the date set forth on the first page of this Decree.

2. "The Property" means Naylor Garden Apartments, located at 3020 Gainesville Street, S.E., Washington, D.C. 20020.

II. SCOPE AND APPLICABILITY

3. This Agreement applies to The Property and all units therein.

Doc #:DC1:148818.1

4. The term of this Agreement shall be from the effective date through thirty six (36) months from that date, unless extended by mutual agreement of the Parties or by Order of the United States District Court.

III. INJUNCTION AND NON-DISCRIMINATION POLICY

5. <u>Injunction</u>: The defendants shall be permanently enjoined from discriminating against any individual on the basis of race.

6. <u>Revision of NGCHA Non-Discrimination policy</u>: Within sixty (60) days of the effective date of this Agreement, NGCHA shall establish and implement a non-discrimination policy that shall include the following statement: "Naylor Gardens Cooperative Housing Association ABIDES BY THE FEDERAL FAIR HOUSING ACT OF 1968 AS AMENDED, AS WELL AS STATE AND LOCAL LAWS WHICH PROHIBIT DISCRIMINATION IN THE SALE, RENTAL OR ENJOYMENT OF HOUSING BASED ON RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, HANDICAP, FAMILIAL STATUS, SEXUAL ORIENTATION, AGE, SOURCE OF INCOME, PERSONAL APPEARANCE, FAMILY RESPONSIBILITY, POLITICAL AFFILIATION, MATRICULATION, OR PLACE OF RESIDENCE/BUSINESS. IN ACCORDANCE WITH THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT OF 1977, EVERY APPLICANT AND TENANT REGARDLESS OF THESE PROTECTED FACTORS, SHALL BE TREATED EQUALLY AND WITH DIGNITY AND RESPECT."

IV. EMPLOYEE TRAINING

7. <u>Fair Housing Training</u>: Within sixty (60) days of the effective date of this Agreement (subject to availability of training seminar), all officials of the NGCHA and all Gates Hudson & Associates employees, with daily management responsibilities or otherwise any involvement with the rental of units at The Property shall complete a fair housing training course. In addition, all future officials of the NGCHA and all Gates Hudson & Associates employees, with daily management responsibilities or involvement in the rental of units at The Property, shall be required to complete a fair housing training course within sixty (60) days from their date of hire as a condition of employment (subject to availability of training seminar). The training shall be conducted by an entity approved by the Washington Lawyer's Committee for Civil Rights and Urban Affairs. The defendants shall be responsible for the costs of all such training. Each individual who participates in and receives instruction through the fair housing training shall sign a statement acknowledging that he or she has participated in, understands, and has completed the non-discrimination training course. In lieu of such training, the defendants may submit to the Washington Lawyer's Committee for Civil Rights and Urban Affairs sufficient evidence demonstrating that an individual who otherwise would be covered by this provision had, within the past twelve (12) months completed an approved fair housing training course. To the extent there is no suitable training seminar available within sixty (60) days of the effective date of this Agreement, this deadline shall be extended in ninety (90) day increments until an appropriate seminar is available.

V.  RECORD-KEEPING AND MONITORING

8. Record-Keeping: The defendants shall maintain records of all tenants who have lodged complaints with the defendants, whether oral or in writing, about abusive conduct and or racial or other discrimination prohibited by the federal and DC fair housing laws, occurring at The Property. Such records shall include the names and contact information of the complaining tenant, the date and time of the complaint, the name of the representative of the defendants receiving the complaint, a description of the facts and circumstances surrounding the complaint, and a description of the actions taken by defendants, if any.

9. The defendants shall maintain the records indicated in paragraph 8 for a period of at least thirty-six (36) months.

VI.  PAYMENTS

10. Within ten (10) business days of the effective date of this Agreement, the defendants will make a payment, in an amount agreed to by the parties in a separate document (the Payment Schedule), to the Washington Lawyers' Committee for Civil Rights and Urban Affairs, in full settlement of all damages, including compensation to the plaintiff for his damages, and costs and attorneys' fees. The Washington Lawyers' Committee for Civil Rights & Urban Affairs will disburse the settlement amounts to the plaintiff and counsel.

VII.  PLAINTIFF RELOCATION

11. In exchange for the consideration set forth in paragraph 10, this paragraph and elsewhere in this Consent Order and Settlement Agreement, Plaintiff agrees to vacate his apartment at The Property within one hundred and twenty (120) days of the date of execution of this Consent Order and Settlement Agreement provided the following conditions are met by Defendants:

   a. Defendants identify an apartment which is comparable to Plaintiff's current apartment. "Comparable" for the purposes of this paragraph means a two bedroom, one bathroom unit with approximately 845 square feet, with similar tenant amenities and having a reasonably equivalent environment respecting safety, noise and geographic location.

   b. Any apartment identified shall accept Plaintiff's Housing Choice voucher and require Plaintiff to pay no more than $187 per month for rent and utilities during the first year of occupancy.

   c. Defendants agree to search, investigate and vet possible comparable apartments. Defendants shall identify all such comparable apartments in writing to Plaintiff and Washington Lawyers Committee.

   d. For each apartment that Defendants identify as "comparable", Plaintiff shall make application for such apartment within 10 days of receipt of written notification from the Defendants. For any identified apartment that Plaintiff claims is not comparable, Plaintiff shall provide the reason(s) in writing

  to Defendants why such identified apartment is not comparable. Plaintiff agrees to use all reasonable efforts to view and consider each property identified by Defendants.

e. Plaintiff agrees, in the event his application for a comparable apartment is approved, to move to such apartment as soon as practicable.

f. If Plaintiff moves to a comparable apartment within one hundred and twenty (120) days of execution of this Consent Order and Settlement Agreement, Defendants shall pay the additional total sum of $2,500 to the Washington Lawyers Committee for Civil Rights and Urban Affairs for Plaintiff's moving expense within 5 days of Plaintiff having vacated his current apartment. The Washington Lawyers Committee for Civil Rights and Urban Affairs will disperse the payment to Plaintiff as for the moving expenses.

g. If, at the completion of one hundred and twenty (120) days from the date of this Agreement, Defendants have identified one or more comparable apartments and Plaintiff has not moved to or rejected such comparable apartment(s), Defendants shall have no further obligation with respect to identifying additional apartments.

h. At all times during the aforementioned one hundred and twenty (120) days, Plaintiff and Defendants shall utilize their best efforts to perform the obligations created by this paragraph 11 and a "reasonable man" standard shall be applied to Defendants' and Plaintiff's efforts in performing under this paragraph. Defendants shall be entitled to bring an action to enforce the provision of this paragraph before this Court should Plaintiff refuse to move to a comparable apartment.

## VIII.  DISCLOSURE AND PUBLICITY

12. This Agreement is a public document and shall be filed with the United States District Court provided however that the parties agree that the amount of the payment in paragraph Ten shall be confidential and plaintiff may only reveal the amount to his immediate family members (i.e. his parents, spouse, and children) financial advisors or as required by law. To the extent plaintiff reveals the amount to any members of his immediate family, he shall advise said member that the information is to be considered confidential and is not to be disclosed to third parties.

## IX.  RELEASE WAIVER AND DISMISSAL OF LAWSUIT

13. The United States District Court shall retain jurisdiction for the duration of this Agreement to enforce the terms of the Agreement. Within five (5) business days of the receipt of payment of the amount as required in paragraph Ten, the plaintiff will dismiss the Lawsuit with prejudice. Any party may move the United States District Court to extend the duration of the order for good cause shown, upon written notification to the non-moving party and an opportunity to cure.

14. In consideration of this Agreement and except as otherwise provided herein, the plaintiff agrees fully and forever to release the defendants and their successors, assigns, subsidiaries, directors, officers, agents, and employees from any and all past and present claims for damages, injunctive relief, declaratory relief, or any other relief, known to the plaintiff as of the execution date that arise under the issues in this matter.

15. In consideration of this Agreement and except as otherwise provided herein, the defendants agree fully and forever to release the plaintiff and his successors, and assigns, from any and all past and present claims for damages, injunctive relief, declaratory relief, or any other relief, known to the defendants as of the execution date that arise under the issues in this matter.

## X.   MISCELLANEOUS MATTERS

16. Entire Agreement: This Agreement and the Payment Schedule referred to in Section 10 constitute the entire agreement between the Parties on the matters addressed herein, and the Parties expressly agree that they supersede and control any and all prior communications, whether oral or written, between the Parties regarding the matters addressed herein.

17. Modification: This Agreement may be modified only by a writing signed by the Parties, and is subject to approval from the Court.

18. Choice of Law: This Agreement shall be construed in accordance with the laws of the District of Columbia.

19. Communications Among the Parties: All notices, demands, and other communications to be provided pursuant to this Agreement shall be in writing and sent by regular mail, postage prepaid to the following persons and addresses (or other such persons or addresses as the Parties may designate from time to time in writing). NGCHA and GHA reserve the right to designate a person or persons, from time to time, to whom Plaintiff shall direct inquiries, concerns and writings required by this Agreement. Plaintiff agrees to direct all inquiries, concerns and writings to the person(s) so designated.:

   a.   For the Plaintiff:

   Director of Fair Housing Project
   Washington Lawyers' Committee for Civil Rights and
   Urban Affairs
   11 Dupont Circle, Suite 400
   Washington, DC 20036

   Gregory L. Baldwin
   3020 Gaineville Street S.E. Apt. A482
   Washington, DC 20020

   b.   For NGCHA:

   Naylor Gardens Cooperative Housing Association

        c/o Community Manager
        2725 30th Street, S.E.
        Washington, DC 20020

        With a copy to:

        John B. Raftery, Esq.
        3 Bethesda Metro Center
        Suite 200
        Bethesda, MD 20814


        For Gates Hudson & Associates, Inc.

        Gates Hudson & Associates, Inc.
        c/o Patricia Blackburn
        3020 Hamaker Court
        Fairfax, VA 22031

        With a copy:

        John B. Raftery, Esq.
        3 Bethesda Metro Center
        Suite 200
        Bethesda, MD 20814


    20.    Counterparts: This Agreement may be executed in one or more counterparts, all of which taken together shall constitute one and the same instrument

    21.    Waiver: Failure of a party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such party's rights or remedies or a waiver by such party of any default by another party in performance or compliance with any terms of this Decree.

    22.    Construction: This Agreement shall not be construed against the drafting party but shall be construed as if prepared by all parties hereto.

    23.    Authority: Each signatory warrants that he or she is competent and possesses the full and complete authority to covenant to this Agreement on behalf of the party that he or she represents.

SIGNED under Seal as of the date first shown above.

*Gregory Lamont Baldwin*
Gregory Baldwin

3-7-08
Date

_____
Naylor Garden Cooperative Housing Association

_____
Date

_____
Gates Hudson & Associates, Inc.

_____
Date

SIGNED under Seal as of the date first shown above.

_____          _____
Gregory Baldwin                          Naylor Garden Cooperative Housing
                                         Association       3/10/08

_____          _____
Date                                     Date


                                         _____
                                         Gates Hudson & Associates, Inc.

                                         March 6, 2008
                                         _____
                                         Date

Doc #:DC1:148818.1

7